IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES HEREFORD, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| CARTER & ASSOCIATES, L.L.C. and | ) | |
| PEACHTREE/CARNEGIE, L.L.C., | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff James Hereford (hereinafter "Plaintiff"), and files this lawsuit against Defendants Carter & Associates, L.L.C. and Peachtree/Carnegie, L.L.C. (hereinafter collectively "Defendants"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## II. <u>Jurisdiction and Venue</u>

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant Carter & Associates, L.L.C. is a Georgia limited liability company with its principal office located at 171 17th Street / Suite 1200 / Atlanta, GA, 30363.  Defendant Peachtree/Carnegie, L.L.C. is a New York limited liability company that, at all times relevant to this action, did business at the same location (171 17th Street).  The unlawful employment practices described herein occurred at 171 17th Street / Suite 1200 / Atlanta, GA, 30363.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. Parties

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff worked for the Defendants from November 2007 through May 13, 2013 as a Dock Master.  More specifically, Plaintiff worked for Defendant Peachtree/Carnegie, LLC from November 2007 until approximately January 2012. At that time, Defendant Carter & Associates, LLC bought out Peachtree/Carnegie's business at the 171 17th Street and became Plaintiff's employer.

7.

Defendants employed the named Plaintiff during the relevant time period.

8.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

9.

Plaintiff performed non-exempt labor for the Defendants within the last three years and was paid on an hourly basis.  Throughout his employment with

Defendants, Plaintiff was entitled to overtime compensation for all hours worked in excess of forty (40) hours in a workweek.

10.

During the relevant time period, Plaintiff regularly worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential for all hours worked over forty (40) in such weeks.

11.

Defendant Carter & Associates, L.L.C. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant Carter & Associates, L.L.C. has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Carter & Associates, L.L.C. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

14.

Carter & Associates, L.L.C. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

15.

Defendant Peachtree/Carnegie, L.L.C. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant Peachtree/Carnegie, L.L.C. has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

17.

Peachtree/Carnegie, L.L.C. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Peachtree/Carnegie, L.L.C. is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

5

19.

Defendants are governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. <u>Facts</u>

20.

Plaintiff worked for the Defendants within the past three years.

21.

During that time, Defendants paid Plaintiff an hourly wage.

22.

Plaintiff's job duties as Dock Master consisted of documenting incoming packages, consulting building tenants vie telephone about the packages that arrived for them, cleaning the dock area, receiving all vendors, directing incoming traffic to the dock, and handling other tenant concerns.

23.

Plaintiff's scheduled work hours were 8:00 A.M. to 5:00 P.M., five days a week, with one hour off for lunch (12:00 – 1:00 P.M.).

24.

However, if a customer arrived just before Plaintiff's lunch hour began, he was required to work with the customer (i.e. accept and document a delivery) by

Defendants' policy and/or orders.  Thus, he was forced to work for part of his lunch hour, even though he was still required to resume work at 1:00 P.M.  As a result, Plaintiff regularly worked more than forty (40) hours per week.

25.

Defendants required Plaintiff to record his hours according to the scheduled work hours (8:00 AM – 12:00 PM, 1:00 PM – 5:00 PM), regardless of whether he worked any additional hours.

26.

During Plaintiff's employment with the Defendants, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for the hours that Plaintiff worked over forty (40) hours because of the requirement that he work during his lunch hours to accept deliveries.

**V.  <u>Violation of the Overtime Wage Requirement of</u>**

**<u>the Fair Labor Standards Act.</u>**

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

7

28.

Defendants have violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

29.

Defendants suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation.

30.

Defendants' actions, policies and/or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

31.

Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff overtime compensation in violation of the FLSA.

32.

Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

33.

Defendants' conduct was willful and in bad faith.

34

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI.  Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)     Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)     Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, liquidated damages as provided by 29 U.S.C. §216,  court costs, expert witness fees, reasonable attorneys' fees under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA;

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been violated; and,

(D)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 14th day of October, 2013.

**BARRETT & FARAHANY, LLP**


s/ Benjamin A. Stark
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
Benjamin A. Stark
Georgia Bar No. 601867
Attorney for James Hereford

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120telephone
(404) 214-0125 facsimile